# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY YOUNG, et al. | Case No. 1:13-cv-02055-SKO |
| Plaintiffs, | **ORDER DISMISSING PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND** |
| v. | (Doc. No. 20) |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, et al., | |
| Defendants. | |

## I. INTRODUCTION

On July 29, 2014, Defendants American Life Insurance Company and The United States Life Insurance Company in the City of New York ("U.S. Life") (collectively "Defendants") filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The parties filed a stipulation that the hearing be reset to October 1, 2014. On September 11, 2014, Plaintiffs filed a brief in opposition to the motion.[1] Defendants filed a reply brief on September 24, 2014. Having reviewed the briefs and supporting materials, the Court found this matter suitable for decision without oral argument pursuant to Local Rule 230(g), and the October 1, 2014, hearing was VACATED.

---

[1] Plaintiffs' counsel withdrew as counsel of record, and Plaintiffs are now proceeding in pro se. Nevertheless, Plaintiffs authorized their former counsel to file an opposition to this motion, as it was pending at the time counsel sought to withdraw. Plaintiffs' counsel filed an opposition to the motion, but Plaintiffs proceed in pro se.

For the reasons set forth below, Defendants' motion is GRANTED with respect to dismissal of Plaintiffs' complaint, but DENIED with respect to dismissal with prejudice.

## II.  FACTUAL BACKGROUND

**A.   Plaintiffs' Complaint**

Plaintiffs allege that Christopher Hastings resided with Kimberly Young ("Young") for several years, and she was "like a mother to him." (Cmplt. ¶ 9.) Mr. Hastings had a long-term relationship with Amber, Young's daughter. (Cmplt., ¶ 10.) Plaintiffs allege that, prior to Mr. Hastings' death, he advised Plaintiffs they were beneficiaries of life and annuity policies, ostensibly from his employer The Hertz Corporation ("Hertz"). (Cmplt., ¶ 11.) Following Mr. Hastings' death, Plaintiffs have attempted, without success, to procure copies of life insurance policies and annuity contracts from Hertz and from Defendants. (Cmplt. ¶ 12.) Plaintiffs allege that an agent of Hertz informed Young that funds had been disbursed under a policy related to Mr. Hastings and asked why Young had not come forward sooner. (Cmplt., ¶ 12.) Young inferred from these statements that she was a beneficiary of a policy and/or an annuity related to Mr. Hastings. (Cmplt, ¶ 12.) On a separate occasion, Young was informed by an agent of Mr. Hastings' employer that Jaiden Crutsinger was the beneficiary of a large policy taken out by Mr. Hastings during his period of employment. (Cmplt, ¶ 12.)

Plaintiffs allege Defendants have refused to provide them with any information relating to a policy and/or annuity, despite that they have furnished Defendants with Mr. Hastings' death certificate. (Cmplt, ¶¶ 12, 13.) Based upon statements made to Plaintiffs by Mr. Hastings prior to his death, Plaintiffs allege that one or more policies or annuity contracts benefitted one or more of the Plaintiffs in an amount exceeding $75,000. (Cmplt, ¶ 17.) Plaintiffs sue for the proceeds of the policies and/or annuities that should have been paid to them.

**B.   Defendants' Answer**

Defendants admit that U.S. Life issued a group life insurance policy number G-246733 (the "Policy") to Hertz. (Doc. 9, ¶ 9.) They also admit that Mr. Hastings died on December 30, 2009, in Sonora, California. (Doc. 9, ¶ 9.) Defendants assert that Kathleen Hastings, Mr. Hastings' mother, is the sole beneficiary of Mr. Hastings under the Policy. Kathleen Hastings

informed Defendants of Mr. Hastings' death, and the proceeds of the policy were paid to Kathleen Hastings and Terzich & Wilson Funeral Home, as assignee of a portion of the Policy's proceeds. Defendants deny that Plaintiffs were the beneficiaries of life insurance policies or annuities issued by Defendants. (Doc. 9, ¶ 11.)  A copy of the Policy is attached to Defendants' answer. (Doc. 9, Exhibit A.)

### III.  DISCUSSION

**A.  Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate if the moving party clearly establishes that (1) no material issue of fact remains to be resolved; and (2) it is entitled to judgment as a matter of law. *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984). In reviewing a motion filed pursuant to Rule 12(c), all allegations of fact of the opposing party are accepted as true and are construed in the light most favorable to that party. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). A Rule 12(c) motion is "functionally equivalent" to a Rule 12(b)(6) motion. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); *see also Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  To survive a motion to dismiss, the plaintiff must set out factual allegations "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the complaint must state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).  Facts that are merely consistent with a defendant's liability stop short of a plausible entitlement to relief. *Id.* at 678.

The court is not prevented from disposing of a Rule 12(c) motion by dismissal rather than by judgment. *See Moran v. Peralta Comm. Coll. Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993) (citing *Amersback v. City of Cleveland*, 598 F.2d 1033, 1038 (6th Cir. 1979)).

**B.  Plaintiffs' Complaint is Dismissed With Leave To Amend**

  **1.  Plaintiffs' Single State Law Claim is Preempted by ERISA**

Defendants argue Plaintiffs' single cause of action for "Claim Against Insurance Policies And Annuity Contracts" is not a viable state-law claim, and even if it were, it is preempted by the

Employee Retirement Income Security Act of 1974 ("ERISA").  According to Defendants, U.S. Life issued one policy, which was a group policy, to Hertz through which the life of Hertz' employee Christopher Hastings was insured.  Kathleen Hastings, the insured's mother, was the sole named beneficiary under the Policy.  Upon the passing of Mr. Hastings in 2009, U.S. Life paid Policy benefits to Kathleen Hastings.  The Policy issued to Hertz was established and maintained for the benefit of its employees, Hertz contributed to its employees' benefits by making premium payments, and thus the plan is governed by ERISA.  Defendants assert ERISA provides the exclusive remedy for seeking benefits under the Policy and preempts any non-ERISA based cause of action.  Thus, any state law claim Plaintiffs articulate regarding this Policy is preempted, and Plaintiffs' complaint should be dismissed.

ERISA § 514 broadly preempts "all State laws as they may now or hereafter relate to any employee benefit plan described in Section 1003(a) of this title." 29 U.S.C. § 1144(a).  A state law "'relate[s] to' a benefit plan and [is] thereby . . . preempted, even if the law is not specifically designed to affect such plans, or the effect is only indirect" as long as it "has a connection with or reference to such a plan." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990).  This rule applies to state law causes of action in the same manner as it applies to state laws. *Id.* at 140.  A state law cause of action "relate[s] to" an ERISA plan, and is therefore preempted, if "the court's inquiry must be directed to the plan." *Id.*

In their opposition to Defendants' motion, Plaintiffs concede their claim for relief against Defendants is preempted by ERISA.  (Doc. 25, 4:7-9.)  Defendants sufficiently establish that the Policy they identify is a plan established by an employer to benefit its employees, but it is unclear if any *other* policy and/or annuity Plaintiffs allege *may* exist would necessarily be governed by ERISA.  However, Plaintiffs' allegation that there is some *other* policy and/or annuity is speculative and implausible.  While Plaintiffs argue it is not clear whether some other policy and/or annuity that names them as beneficiaries "has been lost, obliterated, altered, or not in existence," the facts pled in support of another policy and/or annuity issued by Defendants relevant to Mr. Hastings is simply conjecture.  Plaintiffs allege only that (1) some unidentified agent of Hertz informed Young that funds had been disbursed under a policy and asked her why

4

1  she had not come forward sooner; and (2) another unidentified agent of Hertz alleged told Young
2  that Jaiden Crutsinger was the beneficiary of an unspecified policy taken out by Mr. Hastings
3  during his period of employment with Hertz.  These facts do not sufficiently and plausibly show
4  that there is any other policy or annuity issued by Defendants beyond what Defendants have
5  identified.  *See Iqbal*, 556 U.S. at 678 (facts must permit the court to infer more than the mere
6  possibility of misconduct).  Even construing the facts in Plaintiffs' favor, it appears the only policy
7  relevant to Mr. Hastings is the Policy Defendants have identified, which Plaintiffs concede is
8  governed by ERISA.  Thus, Plaintiffs' state law claim is preempted by ERISA, and the complaint
9  must be dismissed.

### 2. Plaintiffs May Amend the Complaint

Notwithstanding their concession that their claim is preempted, Plaintiffs seek to amend the complaint to state a claim under ERISA.  Plaintiffs argue they have "now been informed by a representative of ACS Xerox that they have reviewed a digital file of the original beneficiary documents completed by the decedent, . . . which shows a discrepancy." (Doc. 25, 6:9-12.)

Defendants contend any attempt at amendment is futile and should not be permitted.  First, under ERISA, only plan beneficiaries may make claims and Plaintiffs cannot marshal facts to demonstrate they are beneficiaries of the Policy.  Second, even if Plaintiffs could state plausible facts showing they were beneficiaries of the Policy, Plaintiffs have not exhausted their administrative remedies under ERISA such that they would be entitled to seek judicial review.

There is no binding authority prohibiting amendment when requested by the non-moving party in its opposition to a Rule 12(c) motion for judgment on the pleadings.  Courts have generally allowed amendment pursuant to the liberal pleadings standards of the Federal Rules of Civil Procedure.  *See Brown v. Mt. Grant Gen. Hosp.*, No. 3:12-cv-00461-LRH-WGC, 2013 WL 129406, at *3 (D. Nev. Jan. 9, 2013) (citing *Ring v. Reichert*, No. C07-693RSL, 2007 WL 4358301, at *1 (W.D. Wash. Dec. 10, 2007) and *Carmen v. S.F. Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997)).  Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend the pleadings "shall be freely given when justice so requires."  Permitting or denying amendment is within the discretion of the district court; however, it should be denied only when there is a

showing of bad faith, undue delay, prejudice to the opposing party, and/or futility. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

As already discussed, the allegations in Plaintiffs' complaint are speculative and do not plausibly establish the existence of an annuity and/or policy issued by Defendants other than the Policy identified by Defendants in their answer, which is governed by ERISA.  Plaintiffs fail to sufficiently articulate a particular ERISA claim they could state or a theory of recovery they would pursue in their amended pleading.  For example, while Plaintiffs contend they have new evidence of a discrepancy in the designation between the beneficiary form completed by Mr. Hastings and that which is maintained in Hertz' files, this statement is too speculative and provides no details about the alleged discrepancy.  This bare allegation is insufficient to show that Plaintiffs are beneficiaries under the Policy and able to state a claim under ERISA. *Miller v. Rite Aid Corp.*, 504 F.3d 1102, 1105-06 (9th Cir. 2007) ("A civil action under ERISA may be brought by a 'participant' in or 'beneficiary' of an ERISA plan." (citing 29 U.S.C. §1132(a)(1))). Nevertheless, for purposes of permitting amendment at this stage of the proceedings, it is not beyond doubt that Plaintiffs' complaint could not be cured by the allegation of other facts. *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

Defendants maintain that even if Plaintiffs could set forth a plausible claim under ERISA, Plaintiffs cannot show they properly exhausted their administrative remedies.  "[T]he general rule governing ERISA claims [is] that a claimant must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court." *Diaz v. United Agric. Emp. Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995).  However, because ERISA exhaustion requirements are not jurisdictional, *Mack v. Kuckenmeister*, 619 F.3d 1010, 1020 (9th Cir. 2010), potential exceptions may apply.  Although the Court agrees with Defendants that, as pled, Plaintiffs' complaint is speculative and does not survive dismissal, it is not beyond doubt that amendment is futile. *Harris*, 573 F.3d at 737; *Lopez*, 203 F.3d at 1130 (district court should grant leave to amend unless it determines that pleading "could not possibly be cured by the allegation of other facts." (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995))).  As such, Plaintiffs

will be given an opportunity to amend their complaint to set forth a viable ERISA claim.

## IV.   CONCLUSION

For the reasons stated above, Defendants' motion for judgment on the pleading is GRANTED in part and DENIED in part.  Plaintiffs' complaint is DISMISSED without prejudice. As it is not beyond doubt that Plaintiff could state a cognizable ERISA claim, Defendants' request that no leave to amend be granted is DENIED.

Accordingly it is hereby ordered that:

1. Plaintiffs' complaint is DISMISSED with leave to amend;
2. Plaintiffs must file an amended complaint within 30 days of this order; and
3. If Plaintiffs fail to amend pursuant to this order, the action will be dismissed with prejudice.

IT IS SO ORDERED.

Dated:   **October 2, 2014**              /s/ Sheila K. Oberto
                          UNITED STATES MAGISTRATE JUDGE